# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DANIEL C. MONTANO; JOHN W. JACOBS, )
             )
      Counter Claimants, )
vs.            )
             )
VENTURIS THERAPEUTICS,    )
             )
      Counter Defendant. )
             )

Case No.: 2:20-cv-01410-GMN-BNW

**ORDER**

Pending before the Court is the Motion for Confirmation of Arbitration Award, (ECF No. 1), filed by Counter Claimants John W. Jacobs ("Jacobs") and Daniel C. Montano ("Montano").  Counter Defendant Venturis Therapeutics, Inc. ("Cardio")[1] filed a Response and Motion to Partially Vacate the Arbitration Award, (ECF No. 5), Montano filed a Reply and Opposition, (ECF No. 9), and Cardio filed a Reply, (ECF No. 11).

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Montano's Motion to Confirm and **GRANTS in part** and **DENIES in part** Cardio's Motion to Vacate.

## I.  <u>BACKGROUND</u>

This case concerns a dispute over Montano and Jacobs' arbitration award of back wages against Cardio. (*See generally* Mot. Confirm. Arbitration Award ("Mot. Confirm"), ECF No. 1).  Montano and Jacobs previously worked as executives for Cardio; Montano was its President and Chief Executive Officer while Jacobs served as Chief Scientific Officer and Chief Operating Officer. (*See* Final Memorandum of Award at 1, Ex. 1 to Decl. Barry Cannaday ("Cannaday Decl."), ECF No. 6-1)  On June 17, 2009, in a period of financial

---

[1] CardioVascular BioTherapeutics, Inc. is currently known as Venturis Therapeutics, Inc.  The party is referred to as "Cardio" in this Order because it operated under the prior name during the events giving rise to this action.

difficulty for Cardio, Cardio's board adopted a resolution (the "2009 Resolution") offering benefits to employees if they agreed to defer their compensation. (*See* 2009 Resolution, Ex. 3 to Cannady Decl., ECF No. 6-3). Specifically, the board offered warrants for Cardio stock and 12% interest on unpaid wages in exchange for employees' continuing to work without pay until after Cardio satisfied "current obligations including compensation, rent, trial costs, and other ongoing operating expenses [and] vendor liabilities as needed." (*Id.*). The present dispute concerns Cardio's liability to Montano for back wages owed under the 2009 Resolution.

While continuing to work under the 2009 Resolution, Montano filed for bankruptcy on July 9, 2013. (*See* Bankr. Court Findings of Fact, Ex. 4 to Cannaday Decl., ECF No. 6-4). On his bankruptcy disclosures, Montano listed $6,645,866.20 in assets as a receivable of "unpaid salary" from Cardio, 75% of which he listed as exempt from his creditors under NRS 21.090(1)(g). (*Id.* ¶¶ 4–5). After an evidentiary hearing, the bankruptcy court held that Montano was not entitled to any of the claimed exemption comprised of interest payments under the 2009 Resolution. (*Id.* ¶ 9). The court also held that Montano could not claim other exemptions outside of those authorized by law, but the court did not specify other non-exempt property that Montano had claimed. (*Id.*).

The underlying arbitration took place from August 26 to August 28, 2019, and Montano and Jacobs prevailed upon counterclaims they raised for unpaid wages. (*See* Final Memorandum of Award at 33–34, Ex. 1 to Cannaday Decl.). The arbitrator awarded $96,222.13 in past wages to Jacobs, plus accrued 12% interest, "but not to be paid until Cardio has the necessary funds after 'taking care of current obligations including compensation, rent, trial costs and ongoing operating expenses [and] vendor liabilities as needed'" pursuant to the terms of the 2009 Resolution. (*Id.*). Montano received an award of $900,000.00, representing the exempt 75% of $1,200,000.00 in recoverable unpaid wages, which the arbitrator ordered Cardio to pay immediately. (*Id.*). The arbitrator reasoned that Cardio was not entitled to the

benefit of the 2009 Resolution's forbearance provision as to Montano because Montano's bankruptcy precluded him from recovering the 12% interest accepted in exchange for his forbearance. (*Id.*).

Montano and Jacobs initiated the present action by filing a Motion to Confirm the Arbitration Award. (*See* Mot. Confirm, ECF No. 1). Cardio then moved to vacate the award in part, only with respect to Montano. (*See* Mot. Vacate 16:18–17:16, ECF No. 1). Cardio seeks to vacate Montano's award in full, arguing that none of the past wages are exempt property under Nevada bankruptcy law. (*Id.*). In the alternative, Cardio seeks to vacate the requirement that it pay the award immediately in contravention of the 2009 Resolution, and it seeks a deduction of $50,000.00 from the award. (*Id.*).

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, provides that any party to an arbitration award may apply to the court for an order confirming the award if the parties have previously agreed to such action. Section 9 mandates that the court grant the order confirming the award unless the award is vacated, modified, or corrected, and under section 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

The review of arbitration awards is "extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991). Courts are deferential to the decisions made by arbitrators. *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991). "An arbitrator's decision must be upheld unless it is 'completely irrational,' or it constitutes a 'manifest disregard of law.'" *Todd Shipyards Corp.*, 943 F.2d at 1060 (quoting *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986)).

//

### III.   **DISCUSSION**

Cardio argues that the Court should vacate the arbitration award to Montano because the arbitrator refused to consider evidence material to the controversy in violation of 9 U.S.C. § 10(a)(3) and exceeded his powers and manifestly disregarded the law in computing the award in violation of 9 U.S.C. § 10(a)(4). (Mot. Vacate 10:1–14:24).  In the alternative, Cardio argues that the Court should vacate the requirement to immediately transmit the award. (*Id.* 16:24–17:2).[2]  At minimum, Cardio requests that the Court vacate $50,000.00 of the award. (*Id.* 15:1–16:16).

Cardio's arguments in favor of vacating the full award flow from one central thesis: the arbitrator erred in awarding Montano any back wages because the wages were not exempt property in Montano's bankruptcy proceeding and are therefore not recoverable now. (*See* Mot. Vacate 7:17–14:24).  The record indicates that the arbitrator considered and rejected these arguments during arbitration, but Cardio now seeks another bite at the apple.  Cardio's arguments fall well short of meeting the substantial burden to vacate an arbitration award. With one limited exception, the Court grants confirmation of the award and denies the motion to vacate for the reasons discussed below.

*//*

---

[2] Cardio argues that requiring the Montano award to be paid immediately was completely irrational because it violates the terms of the 2009 Resolution and the arbitrator deferred Jacobs's award consistent with the Resolution. (Mot. Vacate 5:12–7:16).  An arbitral award is "completely irrational" if it "fails to draw its essence from the agreement" as evidence by the agreement's "language and context, as well as other indicia of the parties' intentions." *Comedy Club Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288–89 (9th Cir. 2009); *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).  Here, the arbitrator required the award to be paid immediately because, as consideration for deferment, Montano and Jones accepted 12% interest on their back wages, which Montano could no longer recover after declaring bankruptcy because the interest is not exempt property. (*See* 2009 Resolution, Ex. 3 to Cannaday Decl., ECF No. 6-3); (Final Memorandum of Award, Ex. I to Mot. Confirm, ECF No. 1).  Thus, because the arbitrator considered whether the agreement after Montano's bankruptcy reflected the parties' intent in light of the record, the Court cannot say the decision was "completely irrational." Cardio provides the Court with no legal authority suggesting that the arbitrator lacked the legal authority to reach his conclusion.  Therefore, the Court declines to vacate the requirement that Cardio pay the back wages immediately as Cardio has not met its burden to show that the requirement is completely irrational.

### A.     The Award's Exempt Status

Cardio contends that the arbitrator erred by granting Montano any recovery because the 2009 Resolution converted the wages owed under the agreement to proceeds thereof, which are not exempt property under Nevada bankruptcy law. (*See* Mot. Vacate 3:7–11, 7:17–14:24). Cardio first argues that the arbitrator failed to consider relevant evidence that the awarded wages are not exempt property because, despite Cardio raising the exemption issue as an affirmative defense at the outset of the arbitration and later introducing evidence thereon, "***not once*** did the Arbitrator address, analyze, or consider, those arguments in the final Award or any of its prior iterations." (*Id.* 11:6–7) (emphasis original).  Montano responds that not only did the arbitrator cite the relevant statute in his order, but Cardio failed to brief the issue until the conclusion of the arbitration after previously conceding that the $900,000.00 award represented the wages exempt from the bankruptcy estate. (Montano's Reply 4:13–7:9, ECF No. 9).

The Court finds that the arbitrator adequately considered the evidence presented.  In his thirty-three-page final order, the arbitrator summarized Cardio's argument that because "the sums sought by Montano are not a payment for 'personal services' performed in the ordinary course of business, they are not exempt under NRS § 21.090(1)(g)(1)." (Final Memorandum of Award at 31, Ex. I to Mot. Confirm, ECF No. 1).  Rejecting the argument, the arbitrator explained "the amount due to Montano is unpaid wages earned for work done in the ordinary course of Cardio's business during its long downward spiral." (*Id.*).  In so doing, the arbitrator declined to disturb his factual finding that the award was "compensation paid or payable for personal services . . . in the regular course of business," which is exempt from bankruptcy under NRS 21.090(1)(g). (*Id.*) (*Cf.* Cardio's Post Arbitration Brief at 72–74, Ex. 8 to Cannaday Decl., ECF No. 6-8).  While Cardio listed the non-exempt status of the wage claim as an affirmative defense, it appears Cardio did not further explain the argument until its final reply brief; nevertheless, Cardio now asserts that the arbitrator committed reversible error in his

treatment of the argument. (*See* Mot. Vacate 10:4–21) (highlighting the timeline of the argument in the arbitration, which indicates that Montano did not develop its present argument in the arbitration until its final reply brief).  Contrary to Cardio's assertions, the arbitrator's final order demonstrates that he considered whether the award qualified as exempt wages.

Next, Cardio argues that the arbitrator exceeded his powers and disregarded the law by failing to properly consider and construe NRS 21.090(1)(g) and *in re Christensen*, 149 P.3d 40 (Nev. 2006), with respect to Montano's right of recovery. (Mot. Vacate 11:11–14:24). Montano responds that Cardio improperly construes the law, and even if Cardio's interpretation is correct, Cardio has not shown that the improper application of the law demonstrates that the arbitrator manifestly disregarded the law. (Cardio's Reply 7:3–11:22).

i.   *NRS 21.090(1)(g)*

Under NRS 21.090(1)(g) exempt "earnings" include "compensation paid or payable for personal services performed by a judgment debtor in the regular course of business . . . as wages."  Only 75% of earnings are exempt property. *See* NRS 21.090(1)(g).  In the final arbitration order, the arbitrator mirrored the language of the statute in concluding that Montano's award of $900,000 was for 75% of "unpaid wages earned for work done in the ordinary course of Cardio's business," indicating that the award is for exempt earnings (Final Memorandum of Award at 31, Ex. I to Mot. Confirm).  The arbitrator's conclusion that the wages are earnings under the exempt property statute is not in manifest disregard for law, even if the award could conceivably be construed to fit a category of non-exempt property. (*See* Cardio's Post Arbitration Brief at 72–74, Ex. 8 to Cannaday Decl.); *see also Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (explaining that a decision is in manifest disregard of the law only if it is "clear from the record that the arbitrator . . . recognized the applicable law and then ignored it.").

Cardio contends that the award does not deduct those amounts required to be withheld by law; however, Cardio fails to explain any subset of the award that the arbitrator was bound to exclude. (*See* Mot. Vacate 13:1–14:24).  Instead, Cardio conclusorily asserts that all unpaid wages must be withheld because the final bankruptcy settlement did not allow Montano to recover "any wages that did not fall within the definition of exempt wages under NRS 21.090(1)(g)." (*Id.*).  In light of the arbitrator's finding that the award is for wages encompassed in the statutory definition of exempt earnings, it was not reversible error to determine the total award is exempt property under NRS 21.090(1)(g).  Cardio provides little explanation why the Court should hold otherwise.

### ii.   *In re Christensen*

The sole reasoned explanation Cardio provides is that the wages are not recoverable because they are to be paid pursuant to a "contract," the 2009 Resolution, which *in re Christensen* demonstrates is not exempt under Nevada law. (Mot. Vacate 8:1–21, 12:3–17).  *In re Christensen* explains that proceeds of exempt earnings are exempt property "so long as [the proceeds] remains subject to demand and use as the needs of the debtor for required support and maintenance." 149 P.3d at 49.  Cardio argues that because the 2009 Resolution deferred Montano's right to demand wages for an indefinite period in exchange for warrants to purchase Cardio stock and a right to the earnings in the future, the wages are "proceeds of exempt earnings to a permanent investment" in Cardio's future and are therefore not exempt property. (*Id.*).  Montano responds that not only did Cardio wait to raise this argument until its final reply brief, but the 2009 Resolution did not convert the unpaid wages to proceeds of the wages. (Montano Reply 9:17–11:22)

The Court finds that the law does not unequivocally show the award is for non-exempt proceeds.  *In re Christensen* is distinguishable from the facts at issue because the case does not concern an agreement to defer the payment of exempt wages given for other consideration.

Rather, the case considers when proceeds of wages *that have already been deposited into an account* retain their exempt status. *See in re Christensen*, 149 P.3d at 42–44 48–49.  The Nevada Supreme Court held the negative when the proceeds are not subject to immediate demand. *Id.*  However, the holding may not extend to wages deferred by contract that have not yet been paid.  Accordingly, Cardio has not satisfied its burden to show that the arbitrator acted completely irrationally or manifestly disregarded the law.

### B.     The $50,000.00 Credit

Cardio argues that the arbitrator erred by refusing to consider Montano's own evidence that Cardio was entitled to a $50,000.00 credit against whatever back wages Montano ultimately recovered against Cardio. (*See* Mot. Vacate 15:1–16:16); (Bankr. Court Findings of Fact ¶ 28, Ex. 4 to Cannady Decl.) (explaining, "CVBT is entitled to a credit of $50,000 on any subsequent award made to Debtor related to the CVBT Receivable.").  Although there may have been a colorable argument that Cardio waived the objection by failing to timely raise the issue in the arbitration, Montano provides no response to the validity of Cardio's requested credit. (*See* Montano's Reply, ECF No. 9).  The arbitrator himself counseled that "[a]s for the $50,000 credit Cardio asserts it is entitled to from the bankruptcy court's settlement order, it can raise that claim at the time that Montano seeks to collect his judgment." (Final Memorandum of Award at 33, Ex. I to Mot. Confirm., ECF No. 1).  Given that Montano has not provided a response to the requested credit, and the evidence indicates that Montano agreed to the credit, the Court grants Cardio's request to vacate $50,000.00 of the Montano award.

//

//

//

//

//

**IV.    CONCLUSION**

    **IT IS HEREBY ORDERED** that the Partial Motion to Vacate the Arbitration Award, (ECF No. 5), is **GRANTED in part** and **DENIED in part**.  The Court **VACATES** $50,000.00 of the arbitral award to Montano.  The remaining $850,000.00 awarded to Montano is confirmed and due immediately.

    **IT IS FURTHER ORDERED** that the Motion for Confirmation of Arbitration Award, (ECF No. 1), is **GRANTED in part** and **DENIED in part** consistent with the foregoing.

    The Clerk of Court shall enter judgment and close the case.

    Dated this  25  day of January, 2021.



_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT